UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL LANG**,

    Plaintiff,

vs.                                                     **Case No: 8:05-CV-984-T-23EAJ**

**CITY OF LARGO, et al.**,

    Defendants.

_____/

## ORDER

Before the court are Defendants' **Motion to Compel Deposition Testimony and for Sanctions** (Dkt. 55), Plaintiff's Response (Dkt. 66), Plaintiff's **Unopposed Motion for Leave to File Affidavit Under Seal** (Dkt. 65), Defendants' **Motion to Strike Exhibit B to Plaintiff's Response** (Dkt. 71), Plaintiff's Response (Dkt. 74), Defendants' **Motion for Protective Order** (Dkt. 67), and Plaintiff's Response (Dkt. 75). The undersigned heard oral argument on these motions on March 23, 2006.

**I.**     **Defendants' Motion to Compel Deposition Testimony and for Sanctions (Dkt. 55), Plaintiff's Unopposed Motion for Leave to File Affidavit Under Seal (Dkt. 65), and Defendants' Motion to Strike Exhibit B to Plaintiff's Response (Dkt. 71)**

Defendants filed their Motion to Compel Deposition Testimony and for Sanctions to require witness Nicole Lang, Plaintiff's daughter, to respond to certain questions she declined to answer at a deposition on December 22, 2005. In general, the questions addressed the witness' own drug use, allegations or reports of child abuse brought against Plaintiff, and violent behavior by Plaintiff. Defendants contend that the questions are relevant to whether Defendant Burke had a predisposed attitude towards Plaintiff.

At the hearing on March 23, 2006, Plaintiff stipulated that he would not present any evidence

or argument at trial, or in conjunction with any summary judgment motion or other motion, that the Largo Police Department or any individual police officer was predisposed against him because of any allegation of child abuse, which Plaintiff denies. In light of this stipulation, Defendants stated that it would not be necessary to compel witness Nicole Lang's responses to the deposition questions at issue. Therefore, Defendants' motion to compel (Dkt. 55) is **DENIED AS MOOT**. As stated at the hearing, the undersigned will not impose sanctions at this juncture, but may revisit the issue of sanctions if circumstances warrant in the future. Defendants motion for sanctions (Dkt. 55) is **DENIED WITHOUT PREJUDICE** subject to reconsideration if circumstances warrant.

Two other motions before the court stem from Defendants' motion to compel: Plaintiff's Unopposed Motion for Leave to File Affidavit Under Seal (Dkt. 65) and Defendants' Motion to Strike Exhibit B to Plaintiff's Response (Dkt. 71). In the former motion, Plaintiff seeks to introduce Nicole Lang's affidavit under seal to demonstrate that Ms. Lang's responses should not be compelled. As the parties resolved the underlying motion to compel on Plaintiff's stipulation, it was not necessary to reach the motion for leave to file affidavit under seal. This motion (Dkt. 65) is therefore **DENIED AS MOOT**. In the latter motion, Defendants argue that a letter attached to Plaintiff's response to the motion to compel should be struck as an inadmissible settlement negotiation. As stated at the hearing, the motion to strike (Dkt. 71) is **GRANTED**.

**II.     Defendants' Motion for Protective Order (Dkt. 67)**

Defendants assert that an e-mail dated October 21, 2004 was inadvertently disclosed by the Defendants in the course of responding to Plaintiff's public records requests, but that the e-mail is protected by attorney-client and work-product privileges. Defendants argue that the e-mail is a communication sent by Defendant Officer Browne at the behest of City Attorney Tammi Bach and

part of the document discusses legal opinions and strategies regarding the current litigation. Defendants claim that they first discovered the disclosure when the e-mail was introduced as "Exhibit 3" at Officer Browne's deposition on December 15, 2005 and that Defendants immediately stopped the deposition, directed Officer Browne not to answer any further questions related to the document, and moved to strike the document as an exhibit. Defendants state that they took reasonable precautions to prevent inadvertent disclosure of privileged documents during the series of public records requests made by Plaintiff, but that the number and scope of public records requested required several departments to coordinate production.

Plaintiff, however, argues that the e-mail was from Officer Browne to two other police officers, as opposed to a communication from the City Attorney. Plaintiff maintains that the e-mail is relevant for impeachment of Officer Browne's deposition testimony and that it does not contain opinions or mental impressions of a primary issue in the case. Plaintiff claims that the document was the subject of a specific public records request and was provided to Plaintiff's counsel without any indication that it was privileged or work-product.

Defendants bear the burden of showing that the document is privileged and that the disclosure was inadvertent. After conducting an in camera review of the document in question, the undersigned finds for reasons stated at the hearing that those portions of the e-mail Defendants contend are privileged are in fact privileged. Certain statements contained in the e-mail from the author can reasonably be construed as setting forth legal advice and directions from counsel given in the context of the impending litigation. To avoid complicated descriptions identifying which portions of the e-mail are privileged, the undersigned designated the privileged portions at the hearing on March 23, 2006. Having determined that portions of the e-mail in question are privileged

communications, the court must next consider whether the privilege has been waived.

When a privileged document is inadvertently disclosed, the court considers several factors to determine if the privilege has been waived by the disclosure: (1) the reasonableness of precautions taken to prevent inadvertent disclosure; (2) the amount of time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. Ray v. Cutter Labs., Div. of Miles, Inc., 746 F.Supp. 86, 88 (M.D. Fla. 1990) (citing Hartford Fire Insur. Co. v. Garvey, 109 F.R.D. 323, 332 (N.D. Cal. 1985)). As stated at the hearing, the undersigned finds that Defendants took reasonable precautions to prevent inadvertent disclosure of privileged documents and acted promptly upon discovering that the e-mail had been disclosed. Both the broad scope of documents requested,[1] and the fact that only a single one-page document is alleged to have been inadvertently disclosed, weigh in Defendants' favor. Finally, although Plaintiff asserts arguments on the issue of fairness, this factor ultimately weighs in Defendants' favor as well.

Therefore, the undersigned finds that the disclosure was inadvertent and the attorney-client privilege has not been waived for those portions of the e-mail covered by the privilege. Defendants' motion for protective order (Dkt. 67) is **GRANTED IN PART** to the extent of this ruling and is otherwise **DENIED.** Defendants shall provide Plaintiff with a copy of "Exhibit 3" redacted as discussed at the hearing; Plaintiff shall return any unredacted copies of "Exhibit 3" to Defendants and shall not utilize the information contained in the privilege portion of Exhibit 3 for any purpose.

It is **ORDERED** and **ADJUDGED**:

(1)     Defendants' **Motion to Compel Deposition Testimony and for Sanctions** (Dkt. 55)

---

[1] Defendants assert that several thousand pages of documents were provided to Plaintiff in response to Plaintiff's public records requests and Plaintiff does not contest this fact.

is **DENIED AS MOOT** as to the motion to compel and **DENIED WITHOUT PREJUDICE** as to the motion for sanctions;

(2)     Plaintiff's **Unopposed Motion for Leave to File Affidavit Under Seal** (Dkt. 65) is **DENIED AS MOOT**;

(3)     Defendants' **Motion to Strike Exhibit B to Plaintiff's Response** (Dkt. 71) is **GRANTED**; and

(4)     Defendants' **Motion for Protective Order** (Dkt. 67) is **GRANTED IN PART and DENIED IN PART** as set forth above.

**DONE** and **ORDERED** in Tampa, Florida this 24th day of March, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

5