UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LANG,

    Plaintiff,

v.                                                                          CASE NO: 8:05-cv-984-T-23EAJ

CITY OF LARGO, et al.,

    Defendants.
_____/

## ORDER

Michael Lang files a seven-count complaint[1] against the City of Largo (the "City"), Police Chief Lester Aradi, Sergeant Brian Brown, and Officers Michael Bruno, C. L. Burke, Daniel Gibson, and James Shinn.[2] Pursuant to 42 U.S.C. § 1983, Lang sues Sergeant Brown and the officers for unlawful arrest, excessive force, and illegal search and seizure. Also pursuant to 42 U.S.C. § 1983, Lang sues the City, Police Chief Aradi, and Sergeant Brown for "failure to train, supervise, discipline, [and] correct unconstitutional practices." Lang asserts against the City state claims for negligent retention and supervision, battery, false arrest and imprisonment, and property damage.

---

[1] The complaint contains seven individual counts labeled I, II, III, IV, VII, VIII, and IX. Presumably as a result of error, the complaint omits Roman numerals V and VI. Nonetheless, this order follows the complaint's denomination of each count.

[2] Lang's original complaint sued City Manager Steve Stanton and Officer Harrison Thompson. Lang's notice (Doc. 57) of voluntary dismissal of Stanton and Thompson is **APPROVED** and Stanton and Harrison are dismissed as defendants.

According to the complaint, Lang's daughter, Elizabeth, called the City police and requested assistance in retrieving property located at Lang's home. Elizabeth represented to the officers that an order of protection both permitted her to return to Lang's home to retrieve property and required that officers accompany her. In reliance on Elizabeth's representations and without verifying the existence of an order of protection, Sergeant Brown and the officers accompanied Elizabeth to Lang's home. Lang asserts that no protective order existed and that Lang held no property belonging to Elizabeth. Lang asserts that, with neither probable cause nor a warrant, Sergeant Brown and the officers forced the door open, entered his home, and removed his personal property. Further, Lang alleges that without provocation an officer used a "taser" to shock Lang three times. Sergeant Brown and the officers arrested Lang and charged him with "obstruction of justice without violence" and "resisting arrest without violence." The State's Attorney's Office dropped the charges.

The defendants move (Doc. 34) to dismiss for failure to state a claim. The eight page memorandum in support of the motion to dismiss lacks sufficient (and in some case even relevant) legal authority to support dismissal of the complaint. Likewise, Lang's response provides no assistance in reviewing the sufficiency of the complaint. Accordingly, because the defendants' motion to dismiss is facially deficient, the motion (Doc. 34) is **DENIED**. Notwithstanding the insufficiency of the parties' memoranda, the court will consider the sufficiency of the complaint pursuant to the pertinent federal pleading requirements.

Counts I and II assert against Sergeant Brown and the officers claims pursuant to 42 U.S.C. § 1983 for excessive force, unlawful arrest, and illegal search and seizure. The complaint alleges that Sergeant Brown and the officers entered Lang's home and removed property without probable cause and with neither a valid warrant nor Lang's consent.  Lang asserts that Sergeant Brown and the officers lacked probable cause to arrest Lang and that Sergeant Brown and the officers used excessive force without cause or provocation.  Accordingly, Counts I and II sufficiently allege violations of 42 U.S.C. § 1983 for illegal search and seizure, unlawful arrest, and excessive force. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Count III asserts against the City, Police Chief Aradi, and Sergeant Brown a claim pursuant to 42 U.S.C. § 1983 for failure to train and supervise.  Lang alleges that the defendants' "deliberate indifference was the moving force behind the illegal conduct of the officers in entering the residence without legal authority, making an illegal arrest, and the illegal use of a taser."

To impose Section 1983 liability on either a municipality or a supervisor for the act of an employee, a plaintiff must demonstrate (1) a violation of a constitutional right, (2) a custom or policy constituting deliberate indifference to that constitutional right, and (3) a causal link between the policy or custom and the violation. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) (only if "the execution of a government's policy or custom . . . inflicts the injury [is] the government as an entity [ ] responsible

under § 1983"); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)); Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985) ("Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*."). Liability for failure to train or supervise extends to a municipality only if "the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir.1998); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989) (a plaintiff demonstrates a city policy actionable under Section 1983 only by showing that the failure to train amounts to "'deliberate indifference' to the rights of [the city's] inhabitants"). A persistent failure to discipline creates an "inference that a municipality has ratified conduct, thereby establishing a 'custom' within the meaning of Monell." Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985) (citing Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir.1983)).

Accordingly, Lang must allege "that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action" and that the constitutional violation alleged resulted from the failure to train in the particular area. Gold v. City of Miami, 151 F.3d 1346, 1351 n.10 (11th Cir. 1998) ("imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to *respondeat superior* liability"). Further, the Eleventh Circuit requires "proof that the City was aware of a prior incident in which constitutional rights were similarly violated." Church v. City of

Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994); see also Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir. 1990) (no liability for failure to train exists if no pattern of prior incidents notifies the municipality of a need to train).[3]

Lang alleges that the City and the supervisors knew of officer misconduct that included spreading rumors about a colleague, performing poorly as a trainee, failing to follow legal and departmental guidelines, and performing poorly when questioned about probable cause and arrest procedures. Lang alleges neither prior constitutional violations nor known misconduct sufficient to demonstrate a need to train or supervise in an area likely to result in a Fourth Amendment violation. Accordingly, Lang demonstrates neither that the City knew of a need to train or supervise in a particular area nor that the City deliberately chose not to act. Further, the allegations fail to demonstrate that the alleged Fourth Amendment violation resulted from any failure to train or supervise. Count III fails to state a claim pursuant to 42 U.S.C. § 1983 for failure to train or supervise and count III is **DISMISSED**.

Counts IV, VII, and VIII assert against the City state claims for negligent retention and supervision, battery, and false arrest and imprisonment. Only because the federal standard for pleading is notably low, counts IV, VII, and VIII sufficiently assert claims for negligent retention and supervision, battery, and false arrest and imprisonment. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The plaintiff's request to amend count IX

---

[3] In the absence of evidence of prior constitutional violations, a plaintiff may allege an "obvious need to train." Gold v. City of Miami, 151 F.3d 1346, 1352 (11th Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). However, the complaint contains no allegation of an "'obvious' need for training that would support a finding of deliberate indifference to constitutional rights." Gold v. City of Miami, 151 F.3d 1346, 1352 (11th Cir. 1998).

asserting property damage is **GRANTED**.  On or before **April 24, 2006**, the plaintiff will file an amended complaint.

Brown, Bruno, and Burke move (Doc. 33) to strike the punitive damages claim and argue that Section 768.72, Florida Statutes, bars a claim for punitive damages in an initial pleading.  The motion (Doc. 33) to strike is **DENIED**.  <u>Cohen v. Office Depot, Inc.</u>, 184 F.3d 1292 (11th Cir. 1999) ("the pleading component of § 768.72 does not apply [ ] due to its conflict with Rule 8(a)(3)").

ORDERED in Tampa, Florida, on April 6, 2006.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy